IN THE MATTER OF GEORGE J. SHAMY,
AN ATTORNEY AT LAW.

Argued September 14, 1971—Decided October 21, 1971.

*Mr. Richard S. Cohen* for order to show cause.

*Mr. William T. McElroy* for respondent.

PER CURIAM. The respondent George J. Shamy, an attorney at law, represented Kenneth Ward and his wife in a negligence action against General Motors, Sheldon Pontiac and McArthur Jones. Ward had been seriously injured when his automobile collided with an automobile owned and driven by Jones. Jones' automobile was manufactured by General Motors and was purchased from Sheldon Pontiac. Jones told the police that his accelerator "stuck" while he was rounding a traffic circle. During the taking of depositions it appeared that General Motors had issued a recall of Jones' year and model car. The purpose of the recall was for repair or replacement of part of the carburetor which could break and cause the throttle to jam in a partly open position preventing deceleration.

The respondent considered that Jones would be an essential witness for Ward's case but had some difficulty locating him. However, in May 1970 Jones appeared at the respondent's office and gave him a statement. The respondent told him that he had a case for his own injuries against General Motors and Sheldon Pontiac and that he should have a lawyer; he also told him that he was important as a witness in Ward's case. Jones saw his lawyer who then called the respondent to accept service for Jones and who thereafter instituted an action on behalf of Jones. In June 1970, Jones came to the respondent's office and asked for a $600 loan which the respondent agreed to make and gave him a check in that sum.

The Middlesex County Ethics Committee found that the respondent made the loan "solely to keep Jones in the area." It also found that he had no "morally corrupt motives" but was simply insensitive "to the meaning of what he was doing." It returned a presentment against the respondent on the finding that his conduct was unethical even though unaccompanied by any improper motive and even though he was merely seeking to have Jones remain within the State so that he would be available as a witness at trial.

We agree entirely with the Committee's finding that the making of the loan was unethical. In actuality it involved a clear conflict of interest and in appearance it bore decidedly sinister implications. However, we accept the Committee's finding as to the innocent purpose of the loan and the absence of bad faith. The Committee expressly credited the respondent's testimony and voiced its belief that in lending the money to Jones the respondent made "an erroneous snap judgment in what he thought were his client's best interests." We find the respondent guilty of unethical conduct but consider that in view of the alleviating findings by the Committee, censure rather than more severe disciplinary action is here appropriate. The Court records will indicate that the respondent is hereby:

Reprimanded.

*For reprimand*—Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and MOUNTAIN—6.

*Opposed*—None.